UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** <br><br> Plaintiff, <br><br> v. <br><br> **ARISE VIRTUAL SOLUTIONS INC., also d/b/a ARISE, a Delaware corporation,** <br><br> Defendant. | Case No. 24-61152-CIV-SMITH |

**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, and the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" (the "Business Opportunity Rule"), 16 C.F.R. Part 437, as amended. Defendant has waived service of the summons and the Complaint. The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

**FINDINGS**

1.     The Court has jurisdiction over this matter.

2.     The Complaint charges that Defendant participated in deceptive and unfair acts or

practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Business Opportunity Rule, 16 C.F.R. Part 437, as amended, in connection with its promotion and sale of its Business Opportunity.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Business Opportunity"** means a commercial arrangement in which:

    1. a Seller solicits a prospective Purchaser to enter into a New Business; and

    2. the prospective Purchaser makes a Required Payment; and

    3. the Seller, expressly or by implication, orally or in writing, represents that the Seller or one or more Designated Persons will:

        i. provide locations for the use or operation of equipment, displays, vending machines, or similar devices, owned, leased, controlled, or paid for by the Purchaser; or

        ii. provide outlets, accounts, or customers, including Internet outlets, accounts, or customers, for the Purchaser's goods or services; or

       iii.    buy back any or all of the goods or services that the Purchaser makes, produces, fabricates, grows, breeds, modifies, or provides, including providing payment for such services as, for example, stuffing envelopes from the Purchaser's home.

B.    **"Clear and Conspicuous"** or **"Clearly and Conspicuously"** means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1. in any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure ("triggering representation") is made through only one means;

2. a visual disclosure, by its size, contrast, the length of time it appears, and other characteristics, must stand out from accompanying text or other visual elements so that it is easily noticed, read, and understood;

3. an audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to hear it easily and understand it;

4. in any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable;

5. the disclosure must use diction and syntax understandable to ordinary

     consumers and must appear in each language in which the triggering representation appears;

  6. the disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications;

  7. the disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication; and

  8. when the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C. **"Defendant"** means Arise Virtual Solutions Inc., also doing business as Arise.

D. **"Designated Person"** means any Person, other than the Seller, whose goods or services the Seller suggests, recommends, or requires that the Purchaser use in establishing or operating a New Business.

E. **"Earnings Claim"** means any specific or general representation, express or implied, about income, whether hourly or otherwise, revenues, financial gains, profit, net profit, gross profit, or return on investment.

F. **"General Media"** means any instrumentality through which a person may communicate with the public, including television, radio, print, Internet, billboard, Web site, commercial bulk email, and mobile communications.

G. "**New Business**" means a business in which the prospective Purchaser is not currently engaged, or a new line or type of business.

H. **"Person"** or **"Persons"** includes a natural person, an organization, or other legal

entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

I. **"Providing locations, outlets, accounts, or customers"** means furnishing the prospective Purchaser with existing or potential locations, outlets, accounts, or customers; requiring, recommending, or suggesting one or more locators or lead generating companies; providing a list of locator or lead generating companies; collecting a fee on behalf of one or more locators or lead generating companies; offering to furnish a list of locations; or otherwise assisting the prospective purchaser in obtaining his or her own locations, outlets, accounts, or customers, *provided, however*, that advertising and general advice about business development and training shall not be considered as "providing locations, outlets, accounts, or customers."

J. **"Purchaser"** means a Person who buys a Business Opportunity.

K. "**Required Payment**" means all consideration that the Purchaser must pay to the Seller or an affiliate, either by contract or by practical necessity, as a condition of obtaining or commencing operation of the Business Opportunity. Such payment may be made directly or indirectly through a third party. A Required Payment does not include payments for the purchase of reasonable amounts of inventory at bona fide wholesale prices for resale or lease.

L. **"Seller"** means a Person who offers for sale a Business Opportunity.

## ORDER

### I.

### PROHIBITIONS CONCERNING EARNINGS CLAIMS

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising,

marketing, promoting, offering for sale, or selling of any good or service, are permanently restrained and enjoined from making any Earnings Claims, expressly or by implication, unless:

 A. The Earnings Claims are true and non-misleading;

 B. At the time the Earnings Claims are made, Defendant:

  1. has a reasonable basis for the Claim;

  2. has in its possession written materials that substantiate the claimed earnings and that the claimed earnings are typical for consumers similarly situated to those to whom the Claim is made; and

  3. makes the written substantiation available upon request to the consumer, potential Purchaser, and the FTC.

## II.

## PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III.

## PROHIBITIONS RELATING TO THE SALE AND MARKETING OF BUSINESS OPPORTUNITIES

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, employees,

and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with any offer for sale, sale, or promotion of a Business Opportunity, are permanently restrained and enjoined from:

A. Failing to disclose, or disclose adequately, to a prospective Purchaser in writing, material information pertaining to any Business Opportunity at least seven (7) days before the prospective Purchaser either signs a contract in connection with the Business Opportunity sale, or makes a payment or provides other consideration to the Seller, directly or indirectly through a third party, in connection with the Business Opportunity—whichever is earlier—including:

1. basic identifying information of the Seller, including the Seller's name, business address, and telephone number;

2. identification of any civil or criminal actions against the Seller, affiliates or prior business of the Seller, or any of the Seller's officers, directors, sales managers, or any individual who occupies a position or performs a function similar to an officer, director, or sales manager of the Seller, for misrepresentation, fraud, securities law violations, or unfair or deceptive practices, including violations of any FTC Rule, within the 10 years immediately preceding the date that the Business Opportunity is offered;

3. a statement of all material terms and conditions of any refund or cancellation policy offered by the Seller, or a statement that the Seller does not offer any refund or cancellation;

4. contact information of at least 10 Purchasers who purchased the Business Opportunity within the last 3 years, including those Purchasers' name, state, and telephone number, and, in immediate conjunction with that list, a Clear

and Conspicuous statement to prospective Purchasers that, "If you buy a Business Opportunity from the Seller, your contact information can be disclosed in the future to other buyers";

5. if the Seller makes any Earnings Claims, the Seller must:

   a. Comply with Section I of this Order; and

   b. furnish to prospective Purchasers an Earnings Claim statement in a single written document that states the following information:

      i. the title "EARNINGS CLAIM STATEMENT REQUIRED BY LAW" in capital, bold type letters;

      ii. the name of the Person(s) making the Earnings Claim(s) and the date of the Earnings Claim(s);

      iii. the Earnings Claim(s);

      iv. the beginning and ending dates when the represented earnings were achieved;

      v. the number and percentage of all Persons who purchased the Business Opportunity prior to the ending date in Section III.A.5.b.iv who achieved at least the stated level of earnings;

      vi. any characteristics of the Purchasers who achieved at least the represented level of earnings, such as their location, that may differ materially from the characteristics of the prospective Purchasers being offered the Business Opportunity; and

      vii. a statement that written substantiation for all Earnings Claims will be made available to prospective Purchasers upon request.

  B. Making any Earnings Claim in the General Media unless the Seller:

    1. has a reasonable basis for the Earnings Claim at the time the Claim is made;

    2. has in its possession written material that substantiates the Earnings Claim at the time the Claim is made; and

    3. states in immediate conjunction with the Earnings Claim:

      a. the beginning and ending dates when the represented earnings were achieved; and

      b. the number and percentage of all Persons who purchased the Business Opportunity prior to the ending date in Section III.B.3.a who achieved at least the stated level of earnings.

## IV.

## JUDGMENT FOR MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

  A. Judgment in the amount of Seven Million Dollars ($7,000,000) is entered in favor of the Commission against Defendant as monetary relief. This Judgment does not resolve or settle claims brought by any other federal agency, and specifically does not resolve, settle or otherwise impact any claims for restitution or other monetary relief brought by the U.S. Department of Labor against Defendant to compensate consumers for allegedly unpaid training time in the case captioned *Su v. Arise Virtual Solutions, Inc.*, Case No. 23cv61246 (S.D. Fla. filed June 29, 2023).

The parties each reserve their rights regarding whether this Judgment may be used to offset any potential recovery for other types of claims in that case apart from allegedly unpaid training.

B.      Defendant is ordered to pay to the Commission Seven Million Dollars ($7,000,000) within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## V.

## ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.      Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Defendant acknowledges that its Taxpayer Identification Number or Employer Identification Number, which Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.      All money received by the Commission pursuant to Section IV of this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a

representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.

## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant, Defendant's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by such representative, within 14 days.

## VII.

## NOTICE TO CONSUMERS

**IT IS FURTHER ORDERED** that, within 21 days of entry of this Order:

A. Defendant shall post Clearly and Conspicuously on Defendant's websites and mobile applications, including www.ariseworkfromhome.com, www.arise.com, www.ariseworkfromhome.com/registration/, register.arise.com, the "Arise on the Go" mobile application, and any other website or mobile application where a consumer registers or signs a contract with Defendant, or makes a payment or provides other consideration to Defendant—

whether directly or indirectly—a link to an exact copy of the notice attached hereto as Attachment A. Defendant shall keep the notice posted on the above-listed websites and mobile applications continuously for a period of 180 days following the date of entry of this Order.

B.  Defendant shall send by electronic mail the notice in the form shown in Attachment A to each email address known to Defendant for all consumers who registered to provide customer support service to Defendant's clients through Defendant's online platform or signed any legal agreement with Defendant to provide customer support service to Defendant's clients through Defendant's online platform between January 1, 2019, and the date of the entry of this Order. The email shall have the subject line: "What the FTC Settlement with Arise Means for Arise Service Partners and Agents."

C.  Defendant shall not include or add information other than that contained in Attachment A in the notice required by this Section, nor transmit any other materials with the required notice.

## VIII.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant obtain acknowledgements of receipt of this Order:

A.  Defendant, within 10 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 10 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any

business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 10 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury: (a) identifying the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identifying all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describing the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describing in detail whether and how Defendant is in compliance with each Section of this Order; and (e) providing a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order,

including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

  C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

  D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title, and signature.

  E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Arise Virtual Solutions, Inc.*, FTC Matter No. 2223046.

## X.
## RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant must create certain records for 10 years after entry of the Order and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

  A. Accounting records showing the revenues from all goods or services sold;

  B. Records showing, for each Person providing services, whether as an employee or

otherwise that registers on Defendant's platform to provide customer support service to Defendant's clients, that Person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each unique advertisement or other marketing material.

## XI.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic or remote depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Defendant through its counsel. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

  C. The Commission may use all other lawful means, including posing, though their representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XII.

## RETENTION OF JURISDICTION

  **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.  This case is **CLOSED.**

  **SO ORDERED**, this 3rd day of July, 2024.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF**

**FEDERAL TRADE COMMISSION:**

_____    Dated: _____, 2024
JAMES DAVIS
NATHAN NASH
TAYLOR ARANA
Federal Trade Commission
Midwest Region
230 South Dearborn Street, Room 3030
Chicago, Illinois 60604
(312) 960-5634 [telephone]
(312) 960-5600 [facsimile]
jdavis@ftc.gov [Davis]
nnash@ftc.gov [Nash]
tarana@ftc.gov [Arana]
FEDERAL TRADE COMMISSION

**FOR DEFENDANT**

_____   Date: _____
Elizabeth L. McKeen, Partner
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
(949) 823-7150 [telephone]
(949) 823-6994 [facsimile]
emckeen@omm.com


_____   Date: _____
Christopher B. Leach, Partner
Rich Cunningham, P.C., Partner
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-3457 [Leach telephone]
(202) 389-3119
christopher.leach@kirkland.com
rich.cunningham@kirkland.com

COUNSEL FOR ARISE VIRTUAL SOLUTIONS INC.


**DEFENDANT:**


_____   Date: _____
ARISE VIRTUAL SOLUTIONS INC.
By: [NAME], [CAPACITY]

ATTACHMENT A – Notice to Arise Service Partners and Agents

The notice must be in the following form, appearing on Defendant's letterhead, email, and Defendant's websites with the underlined text completed as directed:

**Your Right to Receive Information About Business Opportunities and Earnings Claims**

The Federal Trade Commission (FTC), the nation's consumer protection agency, sued us and said we broke the law by:

1. Making claims about how much money Arise Service Partners and Agents could earn without the required proof, and failing to pay what Arise claimed they would earn; and

2. Failing to give prospective Service Partners and Agents the required disclosure document and earnings claims statement that provide important details about Arise's business opportunity.

Arise did not admit or deny the FTC's allegations, but we reached an agreement with the FTC to settle the lawsuit and must pay a monetary judgment of $7 million. We also agreed to:

- Stop making earnings claims without supporting evidence, which must be made available to actual and prospective Arise Service Partners and Agents upon request;

- Ensure that any earnings claims align with what Arise Service Partners and Agents actually earn on the Arise Platform; and

- Make required disclosures and statements about our earnings claims to prospective Service Partners and Agents that give important details about working on the Arise Platform.

Learn more about the settlement on the FTC's website.

**About Your Rights**

The FTC's Business Opportunity Rule puts safeguards in place to make sure you have the information you need to evaluate a business opportunity. Before you sign on the dotted line or send money to buy a business opportunity, read the FTC's guidance about the Business Opportunity Rule.

If you suspect a business opportunity seller is violating the Business Opportunity Rule and/or committing unfair or deceptive acts or practices, report it to the FTC at ReportFraud.ftc.gov.